**TJU HENG THUNG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of United States, Respondent.**

No. 05–2669–ag.

United States Court of Appeals, Second Circuit.

Sept. 25, 2006.

H. Raymond Fasano, New York, N.Y., for Petitioner.

Rosylnn R. Mauskopf, United States Attorney for the Eastern District of New York, Emily Berger, John D. Lenoir, Assistant United States Attorneys, Brooklyn, N.Y., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Tju Heng Thung, through counsel, petitions for review of a decision of the Board of Immigration Appeals ("BIA") adopting and affirming the decision of Immigration Judge ("IJ") Barbara A. Nelson denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews questions of law and the application of law to undisputed fact *de novo. See Secaida–Rosales,* 331 F.3d at 307.

■ The IJ denied Thung's asylum claim because she found Thung did not file his application within one year of entry into the United States, and he did not demonstrate "changed" or "extraordinary" circumstances warranting an exception to the filing deadline. 8 U.S.C. § 1158(2)(D). Because Thung does not raise the issue of the 1–year bar in his brief to this Court, that issue is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). The Court therefore lacks jurisdiction to review the agency's denial of asylum. *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 178–80 (2d Cir.2006).

■ The IJ found that Thung had established past persecution, based on being

a Chinese Christian in Indonesia, and that "discrimination against Chinese still continues and ... there are still problems for Christians in Indonesia." The IJ also found, however, that country conditions had changed to such an extent that Thung would no longer "have the same fear of persecution if returned to Indonesia." Although the IJ stated that her assessment of country conditions in Indonesia was based on the background material submitted by the government, neither the IJ nor the BIA identified the relied-upon changes in that material with respect to Christians and Chinese in Indonesia and neither made an individualized determination regarding Thung's risk of harm. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A); *Tambadou v. Gonzales,* 446 F.3d 298, 304 (2d Cir.2006) (holding that substantial evidence does not support a finding of fundamentally changed circumstances where, among other things, the agency failed to make an individualized assessment of the applicant's situation and failed to consider evidence that contradicted the conditions described in the country report relied on by the agency). As a result, the agency's finding "does not permit adequate review by this Court and therefore requires a remand for further consideration." *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 340 (2d Cir.2006).

On remand, the agency should determine whether there has been a fundamental change in circumstances in Indonesia, such that it is no longer more likely than not that Thung's life or freedom would be threatened in that country. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A). In making this determination, the agency should consider evidence in the record that militates for and against a finding of changed country conditions, and make an individualized assessment of Thung's circumstances. *Cf. Tambadou,* 446 F.3d at 304. Because Thung did not raise his CAT claim before the BIA, and he does not raise it here, his claim is both unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005); *Yueqing Zhang,* 426 F.3d at 542 n. 1.

For the foregoing reasons, we GRANT the petition in part, VACATE the BIA's decision in part, and REMAND to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).